IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RHONDA MARIE MCLEMORE, | § § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-485-ALM-CAN |
| v. | § § | |
| JOSEPHINE JACOBS, ET AL., | § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Rhonda Marie McLemore's Motion for Leave to Amend the Complaint [Dkt. 10], filed together with Plaintiff's proposed Second Amended Complaint [Dkt. 11], and Defendants' Motion to Dismiss [Dkt. 12]. Having considered the Motions, and all other relevant pleadings, the Court finds that Plaintiff's Motion for Leave to Amend is **GRANTED** and recommends that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claims be **DISMISSED** as set forth herein.

**RELEVANT BACKGROUND**

On June 25, 2021, *pro se* Plaintiff Rhonda Marie McLemore ("Plaintiff") initiated the instant suit. The complaint in this action is virtually identical to one filed previously by Plaintiff in this Court under *McLemore v. Walmart Inc. LLC Tex. Stores et al.*, No. 4:18-CV-00689 (E.D. Tex. Aug. 21, 2020) ("Plaintiff's First Lawsuit").

*Plaintiff's First Lawsuit*

On October 1, 2018, Plaintiff filed her First Lawsuit in the Eastern District of Texas. *McLemore v. Walmart Inc. LLC Tex. Stores*, No. 4:18-CV-00689 (E.D. Tex. Aug. 21, 2020). After filing numerous amended complaints, Plaintiff filed her Fourth Amended Complaint, where she

asserts claims for: (1) Conspiracy Deprivation of Civil Rights under 42 U.S.C. § 1985; (2) discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; (3) defamation per se; and (4) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). *McLemore*, No. 4:18-CV-00689-ALM-CAN, 2020 WL 4929011, at *3 (E.D. Tex. July 3, 2020) (internal citations omitted) (citing ECF No. 50 [the live pleading]), *report and recommendation adopted*, No. 4:18-CV-689, 2020 WL 4922210 (E.D. Tex. Aug. 21, 2020), *appeal dismissed sub nom. McLemore v. Walmart Inc. L.L.C. Tex. Stores*, No. 20-40637, 2022 WL 1613187 (5th Cir. May 20, 2022). Plaintiff names as defendants Walmart (her former employer), Cinthya Knowlton (Store Manager for Walmart Store 5866), Paul Bowman (Assistant Sales Manager for Walmart Store 5866), Josephine Jacobs (Asset Protection Manager for Walmart Store 5866), Sudah Kuchimanchi (Software Engineer Tech), Jason Stewart (Walmart Market #56 Manager), and Raquel Nunez (Walmart Market #56 Human Resources Manager).

On February 26, 2020, and March 12, 2020, United States District Judge Amos L. Mazzant, adopting the reports of the undersigned, dismissed the claims against Bowman and Kuchimanchi without prejudice. *Id.* ECF Nos. 142; 148. On August 21, 2020, Judge Mazzant, adopting the report of the undersigned, granted the remaining defendants' summary judgment motion and dismissed with prejudice each of Plaintiff's claims in the First Lawsuit. *McLemore*, 2020 WL 4922210, at *2. Final judgment was entered the same day. *Id.* ECF No. 192. Plaintiff appealed, and on May 20, 2022, the Fifth Circuit dismissed her appeal as frivolous, finding:

> McLemore recites broad legal principles without explaining their application to the facts of her case, and she offers random legal and factual conclusions of discrimination or harassment without addressing the summary judgment evidence. She thus fails to address the district court's reasons for judgment as set forth in the magistrate judge's thorough and methodical analysis of the summary judgment evidence with regard to the elements of each of McLemore's liberally construed claims.

*McLemore*, No. 20-40637, 2022 WL 1613187, at *1 (5th Cir. May 20, 2022).

### *Plaintiff's Second Lawsuit*

While Plaintiff's appeal was pending, on June 25, 2021, Plaintiff initiated her Second Lawsuit in the Eastern District of Texas [Dkt. 1]. Upon review of Plaintiff's original complaint in the Second Lawsuit, the Court noted "the Complaint in this action is virtually identical to the one filed by Plaintiff [in the First Lawsuit] except that Plaintiff is now asserting claims against additional defendants and has included claims for violation of the Whistle Blower Protection Act and retaliation" [Dkt. 6]. Because Plaintiff's First Lawsuit was dismissed with prejudice, the Court found "it necessary for Plaintiff to address the applicability of *res judicata* to the pending claims" [Dkt. 6 at 1]. Thus, on August 25, 2021, the Court ordered Plaintiff to amend her complaint addressing "why either this lawsuit in its entirety, or why specific claims made in this lawsuit, should not be dismissed as barred by *res judicata*" [Dkt. 6 at 2-3]. On the same day, the Court considered and granted Plaintiff's *in forma pauperis* request but withheld service pursuant to 28 U.S.C. § 1915(e)(2)(b), pending receipt and judicial screening of Plaintiff's amended complaint [Dkt. 5 at 2].

On September 27, 2021, Plaintiff filed an amended complaint [Dkt. 9]. Subsequently, on October 4, 2021, Plaintiff filed the pending Motion for Leave to File Amended Complaint [Dkt. 10] and a proposed amended complaint [Dkt. 11]. The September 27, 2021 Amended Complaint and October 4, 2021 Amended Complaint are substantively identical. Indeed, having performed a side-by-side comparison, the only differences appear to be a duplicated page [*See* Dkt. 11 at 2] and the addition of a certificate of service [*See* Dkt. 11 at 13]. After review of Plaintiff's Motion for Leave and because Defendants' Motion to Dismiss (discussed more fully *infra*) addresses both complaints, the Court finds the Motion should be granted. Notably, in both

the September 27 Amended Complaint and the October 4 Amended Complaint (hereinafter, together referred to as "Amended Complaint") Plaintiff makes no effort or mention of the concerns expressed in the Court's August 25 Order.

The Amended Complaint realleges the claims under Title VII of the Civil Rights Act of 1964 and for defamation/defamation per se asserted in the First Lawsuit, and also asserts a violation of the "Non Federal Employee Whistle Blower Protection Act (2012)" [Dkts. 9 at 8-10; 11 at 9-11]. Plaintiff names as Defendants Wal-Mart Stores Texas, LLC ("Walmart"), Jason Wayne Stewart ("Stewart"), Cinthya Knowlton ("Knowlton"), Raquel Nunez ("Nunez"), Lionel Casias ("Casias"), Josephine Jacobs ("Jacobs"), and Cary Kendall Kiser ("Kiser") (collectively, the "Moving Defendants"), and Uday Kuchimanchi ("Non-Moving Defendant"). All of the named defendants in the Second Lawsuit were also defendants in Plaintiff's First Lawsuit, except for Casias and Kiser. As relief, Plaintiff "pray[s] for [identical] relief [as that in her First Lawsuit] in the amount of 41,000 annually to the age of 65[,] [t]otalling 492,000" to be "granted in conjunction with punitive damages" [Dkts. 9 at 11; 11 at 12].

*Defendants' Motion to Dismiss*

On May 23, 2022, Moving Defendants filed a Motion to Dismiss urging Plaintiff's claims should be dismissed for failure to serve, for lack of personal jurisdiction (due to Plaintiff's failure to serve), and as barred by *res judicata* [Dkt. 19]. Plaintiff did not file a response to the Moving Defendants' Motion.[1]

---

[1] The Eastern District of Texas Local Rules provide, in relevant part: "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d). In light of Plaintiff's failure to respond, the Court the facts as set out by Defendants uncontroverted. Notwithstanding Plaintiff's non-opposition, the Court has reviewed the Motion to Dismiss and finds it should be granted.

REPORT AND RECOMMENDATION - 4

**APPLICABLE LEGAL STANDARDS**

*Section 1915 Screening*

Although the Moving Defendants have sought to dismiss, because Plaintiff was granted *in forma pauperis* status, her Amended Complaint is also subject to preliminary screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915. "The statute applies equally to prisoner and non-prisoner cases." *Amrhein v. United States*, No. 4:16-CV-223, 2017 WL 3886761, at *4 (E.D. Tex. Sept. 6, 2017) (collecting cases); *Kenechukwu v. Holder*, No. 9:15-CV-62, 2016 WL 3961714, at *1-2 (E.D. Tex. June 10, 2016) (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam)), *report and recommendation adopted*, 2016 WL 3926576 (E.D. Tex. July 21, 2016). District courts have authority under Section 1915 to dismiss a complaint *sua sponte* where the complaint "[1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Relevant here, a court may withhold service where the plaintiff proceeds *in forma pauperis* pending the court's screening of the complaint under Section 1915. *See, e.g.*, *Balistreri-Amrhein v. Verrilli*, No. 4:16-CV-112, 2017 WL 726919, at *2 (E.D. Tex. Feb. 24, 2017) (finding proper the withholding of service under § 1915 in order to screen the amended complaint ordered by the court); *Silver v. Bemporad*, No. SA-19-CV-00284-XR, 2019 WL 1724047, at *2 (W.D. Tex. Apr. 18, 2019) ("screening a non-prisoner IFP complaint to determine whether it is frivolous or fails to state a claim is sanctioned by § 1915."). In this cause, the Court expressly withheld service of process pending screening [Dkt. 5]. Service has not been ordered, and as a result, no summons have yet been issued [*See docket generally*]. The Court therefore does not consider Defendants' Rule 4, Rule 12(b)(2), or Rule 12(b)(5) grounds for dismissal.

*Res Judicata*

Claims should be dismissed under Rule 12(b)(6) if the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952) (if the facts are "conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss"); *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Stanford v. Kelley*, No. 4:21-CV-388-ALM-CAN, 2022 WL 670929, at *7 (E.D. Tex. Feb. 12, 2022), *report and recommendation adopted*, No. 4:21-CV-388, 2022 WL 657969 (E.D. Tex. Mar. 4, 2022). The Moving Defendants seek dismissal of Plaintiff's Second Lawsuit as barred by *res judicata*. In addition, the Court may *sua sponte* consider *res judicata*; the Fifth Circuit "allows '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001) (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)); *White v. United States*, No. 1:17-CV-221, 2017 WL 5148364, at *3 (E.D. Tex. June 8, 2017). In considering the applicability of *res judicata*, the Court may take judicial notice of the record in a prior related proceeding over which it presided. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised").[2]

---

[2] Plaintiff received notice of the potential *res judicata* bar by and through the Court's August 25 Order for an amended complaint and through the instant Motion to Dismiss, to which she failed to respond. *See Garrett v. BBVA Compass Bank*, No. 3:19-CV-1491-C-BH, 2020 WL 3065938, at *7 (N.D. Tex. May 22, 2020) ("Although BBVA is the only party that moves to dismiss this action, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond."), *report and recommendation adopted*, No. 3:19-CV-1491-C-BH, 2020 WL 3064800 (N.D. Tex. June 8, 2020).

## ANALYSIS

The Moving Defendants assert that the entirety of Plaintiff's claims are barred by *res judicata* [Dkt. 12 at 6-8]. More specifically, the Moving Defendants aver that the instant lawsuit is "based on the same claims that were raised or could have been raised in the [Plaintiff's First] Lawsuit"; "nam[es] most of the same Walmart employees as Defendants"; and "seek[s] the identical relief to that sought" by Plaintiff's First Lawsuit [Dkt. 12 at 6]. As well, the Moving Defendants argue Plaintiff's First Lawsuit and the instant suit "are based on the exact same nucleus of operative facts" [Dkt. 12 at 8]. Therefore, they urge the present suit "is barred on the basis of the doctrine of *res judicata* and should be dismissed in its entirety" [Dkt. 12 at 8]. The Court agrees, pursuant to *res judicata* principles, Plaintiff's claims in the current action are barred by her First Lawsuit. The claims presented now are merely recycled from her earlier suit.

The concept of *res judicata*, in the broadest sense, embraces two distinct preclusion concepts: claim preclusion, often termed *res judicata*, and issue preclusion, often referred to as "collateral estoppel." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). The Fifth Circuit explains the doctrine of *res judicata* as follows:

> The term "res judicata" is often used to describe two discrete preclusive doctrines: res judicata and collateral estoppel. These doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The bar prevents relitigation of all issues that were or could have been raised in the previous action.

*United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007) (internal citations, quotations, and alterations omitted). Under Fifth Circuit precedent, for *res judicata* to apply: "(1) the parties must be identical [or in privity] in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the

same claim or cause of action must be involved in both cases." *Sommer v. Wilmington Sav. Fund Soc'y, FSB*, No. 4:17-CV-300-ALM-CAN, 2018 WL 1956466, at *3 (E.D. Tex. Mar. 27, 2018) (quoting *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)), *report and recommendation adopted*, No. 4:17-CV-300, 2018 WL 1942774 (E.D. Tex. Apr. 25, 2018) (Mazzant, J.). "If these [] conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *Trevino v. Bank of N.Y. Mellon*, No. 1:19-cv-158, 2020 WL 826641, at *3 (S.D. Tex. Jan. 29, 2020) (quoting *JPMorgan Chase Bank, N.A. v. Shatteen*, 4:12-CV-579, 2015 WL 136629, at *3 (E.D. Tex. Jan. 7, 2015)), *report and recommendation adopted*, No. 1:19-cv-00158, 2020 WL 823804 (S.D. Tex. Feb. 19, 2020). Again, in deciding the preclusive effect of prior litigation, the Court may take judicial notice of the relevant previous actions. *See, e.g.*, *Thomason v. Ala. Home Builders Licensure Bd.*, No. 2:19-CV-873-WKW, 2022 WL 1252378, at *1 (M.D. Ala. Apr. 27, 2022) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999)) (citation omitted) ("Taking judicial notice of filings and orders in a previous action is authorized, especially for determining the preclusive effect of the prior case.").

The second and third elements of *res judicata* are undeniably met here; this Court is a court of competent jurisdiction and entered a final judgment on the merits of Plaintiff's claims in the First Lawsuit. *See Millard v. Bank of N.Y. Mellon Tr. Co.*, No. A-12-CA-1094-SS, 2013 WL 12120415, at *3 (W.D. Tex. Jan. 30, 2013) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993)) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits for purposes of res judicata.'").

The first and second elements are also easily met. As between the First Lawsuit and this action, the Parties are the same or are in privity. Defendants Jacobs, Walmart, Stewart, Knowlton, and Nunez are each named as defendants in both suits, and each were movants to the summary judgment motion granted in Plaintiff's First Lawsuit. *McLemore*, 2020 WL 4929011, at *3 ("Defendants Walmart, Jacobs, Knowlton, Nunez, and Stewart moved for summary judgment on each of Plaintiff's claims"); *see Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 214 (N.D. Tex. 2020) (finding the first element met where the parties in the previous suit were identical). And while Defendants Casias and Kiser were not named defendants in the First Lawsuit, they are in privity with a party to the First Lawsuit. The Fifth Circuit "recognize[s] privity in three 'narrowly-defined' situations" where non-parties are "sufficiently close" that they have privity with parties in a previous lawsuit: "(1) where the non-party is a successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020) (quoting *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)). The third situation is applicable here. "Parties in a legally recognized relationship, such as agents, class representatives, trustees, legal guardians, and fiduciaries, typically adequately represent non-parties," which the Fifth Circuit has applied "to the vicarious liability relationship between a private employer and its employees." *Id.* (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989)). Applying this principle, the Northern District of Texas recently explained in considering similar circumstances to those presented here:

> [Plaintiff] has taken this Court's ruling in *Welsh I*, received an unfavorable judgment regarding the individuals he claimed personally violated his rights, and refined his claims to assert herein that those individuals' supervisors should now be held liable for the violations. Litigation tactics like these are wasteful of judicial resources and an abuse of the judicial process. Any claim against Searcy and McLane, in their capacities as the alleged supervisors of the defendants named in

> *Welsh I*, could and should have been raised in that case, as the claims are inextricably intertwined and their resolution at that time would have prevented needless repetitive litigation. Indeed, most, if not all, of Welsh's claims here would also fail due to the doctrine of issue preclusion because this Court has already ruled that Welsh's constitutional rights were not violated by the actions of the *Welsh I* defendants.

*Welsh v. Correct Care, LLC*, No. 5:17-CV-095-BQ, 2020 WL 854244, at *12 (N.D. Tex. Jan. 30, 2020) (footnote omitted), *report and recommendation adopted*, No. 5:17-CV-095-C, 2020 WL 836835 (N.D. Tex. Feb. 20, 2020), *aff'd sub nom. Welsh v. McLane*, No. 20-10412, 2021 WL 5313626 (5th Cir. Nov. 15, 2021).

As in *Welsh*, the claims Plaintiff seemingly alleges against Casias and Kiser could have been litigated in Plaintiff's First Lawsuit. While Plaintiff's current pleading is not a model of clarity, Plaintiff identifies Casias as a party as "Team Lead" and in the caption as "Store Lead" [Dkts. 9 at 1-2; 11 at 1, 3]. No other factual allegations about Casias can be found. Kiser is identified in the caption as a "Market Asset Protect" [Dkts. 9 at 1; 11 at 1]. The pleadings reference Kiser only one other time. Specifically, in the defamation claim, Plaintiff pleads as example of a defamatory statement made during her termination that Kiser allegedly told her, "They thought they heard the people in the community know who you are, they don't want you here you need to leave now" [Dkts. 9 at 9; 11 at 10]. Though Kiser was not a party in the First Lawsuit, Plaintiff raised this same factual allegation verbatim in the First Lawsuit. *See McLemore*, No. 4:18-CV-00689 (E.D. Tex. Aug. 21, 2020), ECF No. 50 at 9 (quoting the same). Plaintiff's claims against Casias and Kiser arise out of the same claims against Walmart that were litigated in the First Lawsuit; thus, privity of the parties exists to satisfy the first *res judicata* element. *See, e.g.*, *Welsh*, 2020 WL 854244, at *11 ("The sole theory of liability behind [plaintiff's] claims in this case is based upon Defendants Searcy and McLane's positions as supervisory officials"); *Wang v. Prudential Ins. Co. of Am.*, No. 3:09-CV-1309-O-BF, 2010 WL 1640182, at *2 (N.D. Tex. Apr. 2,

2010) ("This case too involves individual defendants whose only involvement in the case arises from their employment with Prudential. Therefore, the individual defendants are in privity with Prudential for purposes of *res judicata*."), *report and recommendation adopted*, No. 3:09-CV-1309-O, 2010 WL 2000521 (N.D. Tex. May 18, 2010), *aff'd*, 439 F. App'x 359 (5th Cir. 2011).

Taking up the fourth element; courts in this circuit use a transactional test under which the critical issue is whether the two suits are based on the same nucleus of operative facts. *Oreck Direct, LLC*, 560 F.3d at 401-02 (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)) (cleaned up). "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). Here, each of Plaintiff's claims rely on or emanate from the same nucleus of operative facts as those raised in her First Lawsuit; a comparison of the operative complaints in both actions demonstrates clearly that this Second Lawsuit relies entirely on facts and arguments raised and decided in the First Lawsuit. More specifically, of Plaintiff's three claims in the present lawsuit, the first two claims for relief – discrimination under Title VII and defamation/defamation per se – are identical to the same claims brought in Plaintiff's First Lawsuit. Plaintiff's Title VII claim is asserted verbatim, pleaded here as the first claim and as the second claim in the First Lawsuit. *Compare* [Dkts. 9 at 8; 11 at 9], *with McLemore*, No. 4:18-CV-00689 (E.D. Tex. Aug. 21, 2020), ECF No. 50 at 8. The same is true of Plaintiff's defamation claim, pleaded here as the second claim and as the third claim in Plaintiff's First Lawsuit. *Compare* [Dkts. 9 at 9; 11 at 10], *with McLemore*, No. 4:18-CV-00689 (E.D. Tex. Aug. 21, 2020), ECF No. 50 at 9. As for Plaintiff's "new" claim in this Second Lawsuit, violation of the "Non-Federal Employee Whistleblower

Protection Act (2012)" [Dkts. 9 at 10; 11 at 11] is not a valid claim for relief. "[B]ecause the Non-Federal Employee Whistleblower Protection Act has not been enacted, it 'does not carry the force of law,' and the Court must therefore dismiss the plaintiff's Whistleblower Protection Act claim." *Bilal-Edwards v. United Plan. Org.*, No. CV 11-2220 (RBW), 2014 WL 12944122, at *3 (D.D.C. Jan. 23, 2014) (quoting *Davis v. United States*, 569 F. Supp. 2d 91, 98 (D.D.C. 2008)).[3] Therefore, Plaintiff's inclusion of this claim in the live pleading does not preclude a finding that the instant lawsuit is barred by *res judicata* because the only valid claims present in the instant suit were already litigated to a final judgment on the merits in Plaintiff's First Lawsuit.[4] In sum, all of Plaintiff's claims in the instant action against the Moving Defendants were or could have been brought in the First Lawsuit.

Non-Moving Defendant Kuchimanchi was also party to the First Lawsuit, but as the Moving Defendants note, "Kuchimanchi was never employed by Walmart and is not included in [the instant] Motion" [Dkt. 12 at 3 n.3]. Still, Plaintiff's claims against Kuchimanchi are barred by *res judicata*. The first, second, and fourth elements are met for the reasons discussed *supra*. The third element – final judgment on the merits – is also met as to Kuchimanchi. In Plaintiff's First Lawsuit, the final judgment for the Moving Defendants was dismissal of Plaintiff's claims with prejudice at summary judgment. The Court dismissed Plaintiff's claims against Kuchimanchi's without prejudice for lack of personal jurisdiction. *See McLemore*, 2020 WL

---

[3] As another district court further explained of this proposed legislation, "[t]he plaintiff's attempt to save his claim by relying on the proposed Non -Federal Employee Whistleblower Protection Act of 2012 . . . is unavailing" as "no action has been taken on the bill since its introduction." *Bilal-Edwards*, 2014 WL 12944122, at *3 (citations omitted). At present, the bill remains unenacted. *See* Non-Federal Employee Whistleblower Protection Act of 2012, S. 241, 112th Cong. (as reported by S. Comm. on Homeland Sec. & Governmental Affs., Dec. 19, 2012); *see also* Actions - S.241 - 112th Congress (2011-2012): Non-Federal Employee Whistleblower Protection Act of 2012, S. 241, 112th Cong. (2012), https://www.congress.gov/bill/112th-congress/senate-bill/241/all-actions (last visited Aug. 9, 2022).

[4] To the extent Plaintiff has stated any other whistleblowing claim related to acts taken by Stewart and Knowlton during Plaintiff's termination [Dkts. 9 at 10; 11 at 11], such claim would still be barred by *res judicata* because it too arises out of the same nucleus of facts.

1225050, at *5 (E.D. Tex. Jan. 31, 2020), *report and recommendation adopted*, No. 4:18-CV-689, 2020 WL 1190083 (E.D. Tex. Mar. 12, 2020). "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone*, 617 F.2d at 436 (collecting cases). "Although a dismissal for lack of personal jurisdiction is not generally 'on the merits,' it 'is an adjudication on the merits' of the personal-jurisdiction issue itself." *Nguyen v. Nguyen*, No. 4:20-CV-120-Y, 2021 WL 1918780, at *3 (N.D. Tex. Apr. 6, 2021) (quoting *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 573 (5th Cir. 1996)) (cleaned up), *aff'd*, No. 21-11114, 2022 WL 671462 (5th Cir. Mar. 7, 2022). As such, the Court finds Plaintiff's claims against Kuchimanchi are barred by *res judicata* and thus recommends dismissal for lack of personal jurisdiction. *See id.* ("a final judgment that dismisses parties for lack of personal jurisdiction precludes the same court from considering the same claims against the same parties").

Because the Court finds all four *res judicata* elements are present in this case, Plaintiff's suit must be dismissed.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss [Dkt. 12] be **GRANTED**, and Plaintiff's claims against Defendants Wal-Mart, Stewart, Knowlton, Nunez, Casias, Jacobs, and Kiser be **DISMISSED WITH PREJUDICE** and the claims against Defendant Kuchimanchi be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS ORDERED THAT** Plaintiff Rhonda Marie McLemore's Motion for Leave to Amend the Complaint [Dkt. 10] is **GRANTED**.

**SIGNED this 14th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE